IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| THE KNIT WITH, | : | |
|---|---|---|
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KNITTING FEVER, INC., | : | |
| DESIGNER YARNS, LTD., | : | |
| FILATURA PETTINATA V.V.G. DI | : | |
| STEFANO VACCARI & C., SION | : | NO. 08-4221 |
| ELALOUF, DIANE ELOUF, JEFFREY J. | : | |
| DENECKE, JR., JAY OPPERMAN, and | : | |
| DEBBIE BLISS, | : | |
| | : | |
| Defendants. | : | |

| THE KNIT WITH, | : | |
|---|---|---|
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EISAKU NORO & CO., LTD., | : | |
| KNITTING FEVER, INC., | : | |
| SION ELALOUF, DIANE ELALOUF, | : | NO. 08-4775 |
| and JAY OPPERMAN, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

RONALD L. BUCKWALTER, S.J.                                              April 27, 2011

Currently pending before the Court is Plaintiff The Knit With's Motion for Partial Summary Judgment on Counts One and Two of the Consolidated Complaints. For the following reasons, the Motion is denied.

I.      **FACTUAL AND PROCEDURAL HISTORY**

The factual background of this case is one familiar to both the parties and the Court, and has been reiterated in several of this Court's prior opinions.[1]  This matter arises between Plaintiff, The Knit With ("The Knit"), a small, family-owned and operated business retailing specialty yarns and accessories to consumers, and Defendants (a) Knitting Fever, Inc. ("KFI"), a New York corporation that imports and distributes specialty yarns; (b) KFI's officers and directors, including Sion Elalouf, Diane Elalouf, Jay Opperman, and Jeffrey J. Denecke, Jr.; and (c) Filatura Pettinata V.V.G. Di Stefano Vaccari & C. ("Filatura"), Debbie Bliss, and Designer Yarns, Inc. ("Designer Yarns"), all of whom are non-U.S. entities that design, manufacture, and/or distribute speciality yarns.  At the core of the dispute is Plaintiff's claim that KFI sold designer knitting yarns to The Knit, representing that the yarns contained a percentage of cashmere, which they allegedly did not.

Following extensive motion practice by both parties, the Court has dismissed multiple claims and Defendants.  The sole claims remaining in this action are:  (1) breach of the express warranty of merchantability against Defendants KFI, Sion Elalouf, and Jay Opperman; (2) breach of the implied warranty of merchantability against Defendants KFI, Filatura, Sion Elalouf, and Jay Opperman; (3) injury to business and property pursuant to the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962 against Defendant Sion Elalouf; (4) conspiracy to cause injury to business and property pursuant to RICO, 18 U.S.C. §1962(d) against Defendants Sion Elalouf and Jay Opperman; and (5) a piercing the corporate veil allegation against Defendants KFI, Sion Elalouf, and Diane Elalouf.  In addition, Defendants KFI, Sion Elalouf, Diane Elalouf, Jeffrey J. Denecke, Jr., and Jay Opperman (collectively "the KFI Defendants") have counterclaims

---

[1]  See The Knit With v. Knitting Fever, Inc., No. CIV.A.08-4221, 2008 WL 5381349, at *1-6 (E.D. Pa. Dec. 18, 2008); The Knit With v. Eisaku Noro, No. CIV.A.08-4775, 2008 WL 5273582, at *1-3 (E.D. Pa. Dec. 18, 2008); The Knit With v. Knitting Fever, Inc., Nos. CIV.A.08-4221, 08-4775, 2011 WL 891871, at *1-2 (E.D. Pa. Mar. 10, 2011).

for defamation, tortious interference with existing and prospective contracts, and trade libel.

On February 2, 2011, Plaintiff filed the current Motion for Partial Summary Judgment on Counts One and Two of the Complaint against Defendant KFI. KFI responded on February 28, 2011. The Motion is now ripe for consideration by the Court.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). A factual dispute is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For an issue to be "genuine," a reasonable fact-finder must be able to return a verdict in favor of the non-moving party. Id.

On summary judgment, the moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. Boyle v. Cnty of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (citing Petruzzi's IGA Supermkts., Inc. v. Darling-Del. Co. Inc., 998 F.2d 1224, 1230 (3d Cir. 1993)). Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987). If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

Although the moving party bears the initial burden of showing an absence of a genuine issue

3

of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It can meet its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's claims." Id. at 325. Once the movant has carried its initial burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec., 475 U.S. at 586. "[T]he non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Moreover, the mere existence of some evidence in support of the nonmovant will not be adequate to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. Anderson, 477 U.S. at 249-50.

## III. DISCUSSION

Plaintiff's current Motion seeks summary judgment on Counts One and Two of the Complaint, which allege breach of express warranty and breach of the implied warranty of merchantability, respectively. In support, Plaintiff has produced the expert report of Kenneth D. Langley, which states, to a reasonable degree of scientific certainty, that the six yarns at issue in this case do not possess the fiber content represented on their individual labels. (Pl.'s Mot. Part. Summ. J., Decl. of Kenneth Langley ¶ 22 (Jan. 5, 2011).) Plaintiff goes on to assert that, despite twenty-nine months of litigation, Defendant KFI has failed to provide any contrary evidence showing that the yarns delivered to Plaintiff prior to June 1, 2006 did, in fact, contain the labeled amount of cashmere. Indeed, according to Plaintiff, KFI admits that it possesses no fiber analysis performed prior to June 1, 2006 on any of the six cashmere yarns at issue, and has not requested that samples

4

of the six yarns be produced to any fiber analyst for testing purposes.² Because of the undisputed evidence that the fiber content of the six cashmere yarns delivered by KFI to Plaintiff prior to December 2005 does not conform to the products' labels, Plaintiff claims that Defendant has breached both an express warranty and the implied warranty of merchantability.

Defendant responds, however, that summary judgment in favor of Plaintiff is inappropriate at this time due to a genuine issue of material fact as to the timeliness of the warranty claims. The statute of limitations for a breach of warranty is four years. 13 PA. CONS. STAT. § 2725(a). It begins to run at the time of the tender or sale of the allegedly defective product, "regardless of the aggrieved party's lack of knowledge of the breach." Id. § 2725(b); see also McCracken v. Daimler Chrysler Motors Co. LLC, No. CIV.A.07-2202, 2008 WL 920344, at *4 (E.D. Pa. Apr. 3, 2008) ("[A] breach of warranty action accrues on, and suit must be filed within four years of, the date the seller tenders delivery of the goods, even if the breach is not apparent until after delivery has been tendered.") (quoting Nationwide Ins. Co. v. Gen. Motors Corp., 625 A.2d 1172 (Pa. 1992)).³

In the present matter, Defendants KFI, Sion Elalouf, and Jay Opperman originally sought partial summary judgment in April 2010 on the grounds that the last purchase and/or delivery of any

---

² Plaintiff also asserts, based on testimony from a separate litigation, that KFI "admits the fiber content of KFI yarns vary from the labeled content." (Pl.'s Mem. Supp. Mot. Summ. J. 5.) This statement, however, is a mischaracterization of the cited testimony. Quite to the contrary, the testimony relied upon actually states as follows: "Frankly, your Honor, while some tests have shown that the yarns are properly labeled, others are at variance. And that's not surprising to us, given the fact of the limitations of these tests. The fact that they are at variance doesn't establish necessarily that they are in variance, but the test numbers kind of come out all over the place, or at least within too broad of a range to rely on for purposes of a lawsuit." (Pl.'s Mot. Summ. J., Ex. J, Trial Tr., 23:25-24:7, Sep. 29, 2010.)

³ Notably, the limitations period may be extended only where the warranty "explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance." 13 PA. CONS. STAT. § 2725(b). Plaintiff has not even alleged, let alone proven, that the express warranty at issue extended to any future performance of the yarns at issue.

of the yarns at issue in the consolidated Complaints occurred by the end of July 2004 – more than four years before Plaintiff filed the present actions on September 2, 2008 and October 6, 2008. (KFI Defs.' Mot. Summ. J., Docket No. 89, Apr. 1, 2010.) To support this motion, Defendants attached (1) multiple invoices evidencing the various yarn purchases made by Plaintiff from Defendant KFI, and (2) a statement from KFI representative Jeffrey Denecke disavowing the accuracy of an October 19, 2006 letter authored by him, indicating that KFI sold ten bags of Baby Cashmerino to Plaintiff in 2005. By way of response, Plaintiff both re-emphasized Mr. Denecke's prior letter and submitted an affidavit from its principal, James Casale, averring that KFI effected a non-invoiced delivery of Cashmerino in the summer of 2005, thereby bringing the warranty within the limitations period. (Pl.'s Resp. Mot. Summ. J., Docket No. 98, at Ex. 4, Aff. of James Casale, ¶¶ 13-16, Apr. 22, 2010.) Via the same brief, Plaintiff made a request pursuant to Federal Rule of Civil Procedure 56(f)[4] to delay ruling upon this issue until the close of discovery. Given both the apparent factual dispute as to accrual and the principle that Rule 56(f) motions are granted almost "as a matter of course," Contractors Assoc. of E. Pa. v. City of Philadelphia, 945 F.2d 1260, 1267 (3d Cir. 1991), the Court denied Defendants' Motion for Partial Summary Judgment without prejudice pending the close of

---

[4] As of December 1, 2010, the substance of Rule 56(f) has been moved to Rule 56(d), which states:
> **When Facts are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

FED. R. CIV. P. 56(d). As indicated by the Advisory Committee Notes to the 2010 amendments, "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f). A party who seeks relief under subdivision (d) may seek an order deferring the time to respond to the summary-judgment motion." FED. R. CIV. P. 56(d) (advisory committee's note to 2010 amendments).

discovery.  Although the parties re-litigated this same issue within the context of Plaintiff's June 30, 2010 Motion for Partial Summary Judgment, Plaintiff voluntarily withdrew that Motion on August 24, 2010, leaving the Court no opportunity to address its merits.

In the face of Plaintiff's current Motion for Summary Judgment, Defendant makes no further attempt to obtain judgment against Plaintiff on statute of limitations grounds.  Indeed, it concedes that Plaintiff's previously-filed affidavit creates a genuine issue of material fact on this subject.  Instead, it now raises the statute of limitations defense solely as a means to argue that Plaintiff is not entitled to summary judgment on its warranty claims.  Plaintiff, in response, does not present any new evidence to conclusively establish that it is within the appropriate limitations period.

The presence of such a conflicting record mandates that the Court deny summary judgment relief to Plaintiff.  It is well-settled that "'when . . . a genuine issue of material fact remains, especially as to the time the action accrued, a motion for summary judgment on the basis of statute of limitations should be denied.'"  In re Pa. Footwear Corp., 199 B.R. 534, 542 (Bankr. E.D. Pa. 1996) (quoting 6 MOORE'S FEDERAL PRACTICE ¶ 56.17, 56-606 (2d ed. 1995-96)).  "The record must be adequate for determination of the legal questions raised; a deficient factual foundation cannot support summary resolution."  Foodtown v. Sigma Mktg. Sys, Inc., 518 F. Supp. 485, 491 (D.N.J. 1980) (citing 6 MOORE'S FEDERAL PRACTICE ¶ 56.15, 609 (2d ed. 1980)).  "The slightest doubt as to the facts precludes granting the motion."  Id. (quoting Tomalewski v. State Farm Life Ins. Co., 494 F.2d 882, 884 (3d Cir. 1974)); see also Pitts v. N. Telecom, Inc., 24 F. Supp. 2d 437, 443 (E.D. Pa. 1998) (holding that genuine issue of material fact existed as to date manufacturer tendered delivery of computer keyboard, thereby precluding summary judgment for manufacturer based on statute of limitations, in keyboard user's breach of warranty action).

At this juncture, the Court recognizes that if the facts bear out as Defendant presents them and the statute of limitations defense succeeds, Plaintiff's warranty claims, no matter how

substantively valid, must be dismissed.[5] Given the presence of this controlling and genuine issue of material fact, the Court must deny Plaintiff's Motion for Partial Summary Judgment.

Having significantly narrowed the remaining parties and claims in this case, the Court now lifts the May 25, 2010 discovery stay in this matter. The parties are directed to submit to the Court, within fourteen days from the date of this Order, an agreed-upon schedule setting forth dates for completion of fact and expert discovery, pre-trial submissions, and entry into the trial pool.

---

[5] Notably, Defendant has indicated that due to the stay on discovery, Defendant's own expert discovery is not complete. Thus, regardless of the outcome on the statute of limitations issue, Defendant intends to dispute the reliability of Plaintiff's expert's report.